UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THADDEUS JAMES COLLETT,<br><br>        Petitioner,<br><br>   v.<br><br>BREE DERRICK,<br><br>        Respondent. | Case No. 2:25-cv-00424-AKB<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Thaddeus James Collett has filed a Petition for Writ of Habeas Corpus, challenging his state court conviction. *See Pet.*, Dkt. 3. The Court reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**REVIEW OF PETITION**

**1.**    **Background**

      In the First Judicial District Court in Kootenai County, Idaho, Petitioner pleaded guilty to sexual abuse of a child. Petitioner was sentenced to a unified term of twenty-five years in prison with twenty years fixed. Petitioner unsuccessfully pursued a direct appeal as well as state post-conviction relief. *Pet*. at 1–3.

      The instant Petition for Writ of Habeas Corpus asserts a single claim. Petitioner contends trial counsel provided ineffective assistance in advising or "coercing" Petitioner to plead guilty,

which resulted in a plea that was not knowing, voluntary, and intelligent. Dkt. 3-1 at 1 (labeled as Attachment A to the Petition).

**2.      Discussion**

The Court is required to review a habeas corpus petition to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claim in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claim. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that his claim (1) is cognizable—meaning it actually can be heard—in a federal habeas corpus action, (2) was timely filed in this Court, and (3) was either properly exhausted in state court or is subject to a legal

INITIAL REVIEW ORDER - 2

excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues may be factors in this case.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. *See Pet*. at 7. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 3), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time, the Court will deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is **GRANTED**. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is **DENIED** without prejudice.

3. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 3), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

4. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

5. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to

obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

6. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

8. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

9. If Petitioner's claim is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

10. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

11. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

12. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

13. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

14. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11,

and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

15. Petitioner must at all times keep the Court and Respondent advised of any change in address.

16. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: September 10, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge